U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 1 7 2008

ROBERT H. ___WELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

CAROL ELAINE HALL SNEAD, ET AL.

versus                        CIVIL ACTION NO. 08-1301
                                         JUDGE TOM STAGG

WOODBINE PRODUCTION CORP., ET AL.

## MEMORANDUM ORDER

Before the court is a motion to remand filed by the plaintiffs, Carol Elaine Hall Snead and Snead's Land Development, L.L.C. ("the plaintiffs"). See Record Document 10. Based on the following, the plaintiffs' motion to remand is **GRANTED**.

## I. BACKGROUND

The plaintiffs filed suit in state court against Woodbine Production Corporation ("Woodbine") and EOG Resources, Inc. ("EOG Resources"). See Record Document 1. EOG Resources filed a notice of removal on August 29, 2008, based on an assertion of diversity jurisdiction. See id. Woodbine did not join the notice of removal, but EOG Resources included the following assertion in its notice of removal: "Undersigned counsel contacted counsel for Woodbine and obtained its

consent to removal." Id. at 4. EOG Resources's notice of removal is signed only by EOG Resources's counsel, and there is no indication in the body of the document or signature line that the counsel represented any other party. The notice of removal addresses the citizenship of Woodbine and the date Woodbine was served with the plaintiffs' citation and petition, but it makes no other specific mention of Woodbine. On September 16, 2008, Woodbine filed an answer to the plaintiffs' complaint, wherein no mention of removal was made. On September 18, 2008, which was within the 30-day period permitted by 28 U.S.C. § 1447(c) to raise procedural defects in the removal, the plaintiffs filed a motion to remand on the ground that both of the served defendants did not join in the removal. See Record Document 10.

## II. LAW AND ANALYSIS

The rule of unanimity requires that all then-served defendants join in a notice of removal or timely file a written consent to the removal. See Farias v. Bexar County Bd. of Tr., 925 F.2d 866, 871 (5th Cir. 1991); Riles v. Stevens Transp., Inc., No. 06-0634, 2006 WL 3843029, at *1 (W.D. La. Dec. 28, 2006). Because all served defendants must join in the removal, and because the notice of removal must be filed within 30 days of service on the first defendant, "all served defendants must join in the [notice of removal] no later than thirty days from the date on which the first

defendant was served." Getty Oil Corp. v. Ins. Co. of N. America, 841 F. 2d 1254, 1263 (5th Cir. 1988).

In Getty Oil, three defendants were served with a state court petition. One defendant filed a notice of removal that was joined in by the second defendant. The third defendant ("NL") attempted to join the removal more than 30 days after service on the first defendant, but (as discussed above) the Fifth Circuit held that the tardy effort to join the removal was meaningless. The defendants argued that the notice of removal filed by two of the three defendants was sufficient because the notice alleged (mistakenly) that NL had not been served and "therefore . . . need not join the removal Petition," and that NL "do[es] not oppose and consent[s] to this Petition for Removal."[1] Getty Oil, 841 F.2d at 1262 n.11.

The Fifth Circuit explained that while only consent to removal is required, "a defendant must do so itself." Id. The court continued: "This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to

---

[1] Congress amended 28 U.S.C. § 1446 in 1988 and changed the name of the document that is filed in federal court to remove a case. What was formerly a petition for removal became a notice of removal. See Badon v. RJR Nabisco Inc., 224 F.3d 382, 388-89 (5th Cir. 2000).

3

do, that it has actually consented to such action." Id. "Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant." Id.

The plaintiffs contend that their case should be remanded as no written consent to removal was ever filed by Woodbine. EOG Resources responds by arguing that "[a]ny alleged defect in the removal of this action is purely procedural." Record Document 12 at 1. In support of its argument that this court should deny the plaintiffs' motion to remand, EOG Resources cites Glover v. W. R. Grace & Co., Inc., 773 F. Supp. 964 (E.D. Tex. 1991). In Glover, the court denied a motion to remand where a served defendant who did not join in the removal did file an answer (indicating consent) in the federal court four days after the 30-day removal time limit had passed. That decision, with due respect, appears to be contrary to Getty Oil and other Fifth Circuit authority. As noted in Thompson v. Louisville Ladder Corp., 835 F. Supp. 336 (E.D. Tex. 1993), that aspect of Glover is inconsistent with Fifth Circuit jurisprudence and "was probably wrongly decided."[2] Id. at 339. In the case sub

---

[2]Morales v. Shaffer, 07-3054, 2007 WL 3237457, at *3 (E.D. La. 2007) is a case similar to Glover. One of the served defendants did not join the notice of removal but did file an answer in federal court more than 30 days after service on the first defendant. The defendants argued that the answer constituted sufficient consent. The court rejected the argument, citing Getty Oil, and noted that "[t]he requirement that a defendant give consent within 30 days after the first defendant receives service is a rigid rule." Id.

4

judice, Woodbine **did** file a timely answer to the plaintiffs complaint. However, no mention of removal or consent to such was contained therein.

EOG Resources also cites <u>Sercovich v. State Farm Mut. Auto Ins. Co.</u>, No. 99-2476, 1999 WL 970346 (E.D. La. Oct. 21, 1999) in support of its argument that remand should be denied. In <u>Sercovich</u>, the court denied the plaintiff's motion to remand finding the consent alleged by the defendant was sufficient. However, exactly three years later, the <u>Sercovich</u> court's "looser construction of the formalities required by the rule of unanimity" was rejected by another district court in the Eastern District of Louisiana. <u>See</u> <u>Jacob v. Greyhound Lines, Inc.</u>, No. 02-2199, 2002 WL 31375612, at *7 (E.D. La. Oct. 21, 2002). The <u>Jacob</u> court addressed whether the language in the petition for removal stating that "State Farm does not object to this matter being removed to federal court" was sufficient to prevent remand. The <u>Jacob</u> court found that despite the holding in <u>Sercovich</u>, the Fifth Circuit decision in <u>Getty Oil</u> was controlling and declined to follow <u>Sercovich</u>.

The focus now turns to EOG Resources's notice of removal and whether the simple assertion that EOG Resources contacted Woodbine and obtained Woodbine's consented to removal is adequate. INA, the removing defendant in <u>Getty Oil</u>, made an allegation, similar to EOG Resources's allegation in this case, that NL did not

5

oppose and consented to the removal. The Fifth Circuit held that was inadequate because "it does not allege that NL has authorized INA to formally (or otherwise) represent to the court on behalf of NL that NL has consented to the removal." Id. The same is true in this case. EOG Resources made a conclusory assertion that it "contacted counsel for Woodbine and obtained its consent to removal," but EOG Resources did not make any timely allegations that Woodbine had authorized EOG Resources to formally or otherwise represent to this court that Woodbine had consented to removal, and there is nothing in the notice of removal that would so much as hint at a basis for binding Woodbine to any statement in the notice. While it is true that Woodbine filed a timely answer to the plaintiff's complaint and that it did not object to the removal within that answer, Woodbine did not timely file any document expressly consenting to removal. "Since each defendant must consent to removal 'officially,' 'affirmatively' and 'unambiguously,' Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 508-09 (E.D. Va. 1992), it stands to reason that the mere filing of an answer does not constitute a sufficient expression of consent." Spillers v. Tillman, 959 F.Supp. 364, 372 (S.D. Miss. 1997). As was stated in Production Stamping Corp. v. Maryland Casualty Co., 829 F.Supp. 1074 (E.D. Wis. 1993):

> [T]he filing of an answer, without more, is ambiguous. As an example, because the time for filing an answer (20

> days) expires before the deadline for unanimous consent (30 days), the filing of an answer may be no more than a careful lawyer's decision to avoid the risk of default. . . . Because competing, reasonable inferences exist, the mere filing of an answer is hardly a clear, unambiguous expression of consent.

Id. at 1077.

The plaintiffs have timely moved to remand based on a procedural defect in the removal. The facts do not reflect adequate, timely consent or indication of consent by both of the served defendants, so remand is required. This result is consistent with Getty Oil and its application in cases such as Morales, Hammonds v. Youth For Christ USA, No. SA05CA-0531-FB, 2005 WL 3591910 (W.D. Tex. Aug. 16, 2005) and Aucoin v. Gulf South Pipeline Co., LP, No. 04-824, 2004 WL 1196980 (E.D. La. May 26, 2004). The latter two cases featured a notice of removal not joined by all served defendants, a general averment by the removing defendant that all defendants did consent, a lack of recitation in the notice of removal of any authority to make that consent on behalf of the other defendants, and efforts – more than 30 days after the first defendant had been served – by the other defendants to join in the removal or show that the removing defendant had their permission to consent to the removal.[3]

---

[3]Although Hammonds and Aucoin did not involve timely filed answer as Woodbine has done in this case, the non-removing defendants in both of those cases made efforts to join in the removal or show that the removing defendant had their

Remand was ordered in both Hammonds and Aucoin, and that is the proper result in this case as well. A procedural removal rule was not satisfied, and there is no contention that this case fits an exception to the rule or that there are exceptional circumstances that would excuse the error. Accordingly, the plaintiffs' motion to remand (Record Document 10) is **GRANTED** and this matter will be **REMANDED** to the First Judicial District Court, in and for Caddo Parish, Louisiana.⁴

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 11th day of October, 2008.



JUDGE TOM STAGG

---

consent. Interestingly, neither of these actions have been taken by Woodbine.

⁴Plaintiffs have also requested an award of attorney's fees incurred as a result of these removal proceedings pursuant to 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This court has discretion to award costs and expenses, including attorney's fees, incurred as a result of improper removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 136, 126 S. Ct. 704, 709 (2005). The court, in exercise of that discretion, **DENIES** the plaintiffs' request for attorney fees.